UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUCY ATAYDE,

    Plaintiff,

    v.

NAPA STATE HOSPITAL, et al.,

    Defendants.

Case No. 16-cv-00038-TEH

**ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER VENUE**

This matter is before the Court on Defendant Napa State Hospital and related parties' motion to dismiss or transfer venue and Defendant California Forensic Medical Group and related parties' motion to transfer venue. Having carefully considered the parties' written arguments, the Court finds this matter suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court hereby GRANTS Defendants' motions.

**BACKGROUND**

This action arises from the death of Richard Ramirez, who committed suicide while in custody at the John Latorraca Correctional Facility ("JLCF") in Merced, California. Mr. Ramirez was a twenty-seven year old man who had been diagnosed with a personality disorder and psychotic disorder. Compl. ¶ 25 (Docket No. 1). He was arrested on August 23, 2014, and held as a pretrial detainee at JLCF. *Id.* ¶ 26. While in custody, Mr. Ramirez attempted suicide multiple times, often in the presence of others. *Id.* ¶¶ 64; 70; 71. On October 9, 2014, Mr. Ramirez was "deemed appropriate for admission to Napa State Hospital," according to a letter from Defendant Dana White, R.N., but was not transferred to the hospital. *Id.* ¶ 74. On October 24, 2014, the County of Merced Superior Court issued an order finding that Mr. Ramirez was mentally incompetent to stand trial, ordering that Mr. Ramirez be committed to Napa State Hospital or another appropriate facility,

ordering the Sheriff of Merced County to deliver Mr. Ramirez to the hospital, and authorizing the hospital to involuntarily administer antipsychotic medication as prescribed. Commitment Order at 2-3, Ex. A to Compl. (Docket No. 1-1). Mr. Ramirez was never transferred to any hospital, and on December 15, 2014, he committed suicide in a segregated cell at JLCF. Compl. ¶¶ 100, 101.

On January 5, 2016, Lucy Atayde ("Plaintiff"), Mr. Ramirez's mother, filed her complaint in this Court alleging violations under federal and state law relating to Defendants' alleged deliberate indifference to Mr. Ramirez's medical needs. *Id.* at 1. On February 2, 2016, Defendants Napa State Hospital, California Department of State Hospitals ("CDSH"), CDSH Director Molly Matteucci, and Dana White, R.N. (collectively "State Defendants") moved to dismiss the Complaint or transfer venue to the Eastern District of California. Docket No. 12. On February 8, 2016, Defendants California Forensic Medical Group ("CFMG"), Taylor Fithian, M.D., Heather Goode, M.D., Sean Ryan, R.N., Deborah Mandujano, R.N., Corina Denning, R.N. (collectively "CFMG Defendants"), County of Merced, former Sheriff Tom Cavallero, and Under Sheriff Jason Goins (collectively "County Defendants") moved to transfer venue, also to the Eastern District. Docket No. 25.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In order to transfer venue, a court "must therefore make two findings: first, that the transferee court is one where the action 'might have been brought,' and second, that the convenience of the parties and witnesses and the interest of justice favor transfer." *Minh Hong v. Morgan Stanley & Co., LLC*, No. 12-CV-1756-TEH, 2012 WL 5077066, at *2 (N.D. Cal. Oct. 18, 2012) (citation omitted).

"The convenience of witnesses is often the most important factor considered by the court" when deciding a motion to transfer. *Trujillo v. GT USA, Inc.*, No. 09-CV-5179-

2

1  MMC, 2010 WL 809505, at *2 (N.D. Cal. Mar. 5, 2010).  In evaluating the convenience of

2  the parties and witnesses, courts may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  Additional factors include the feasibility of consolidation of other claims and the relative congestion of the courts.  *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011).  A motion to transfer lies within the broad discretion of the district court, and must be determined on an individualized basis.  *Jones*, 211 F.3d at 498.  The party seeking to transfer bears the burden of persuasion.  *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

## DISCUSSION

The parties do not dispute that this action "might have been brought" in the Eastern District.  28 U.S.C. § 1404(a).  Thus, it is Defendants' burden to demonstrate that the convenience of the parties and witnesses and the interest of justice favor a transfer of venue.  *Id.*  Many of the factors that the Court may weigh in considering a motion to transfer venue are either neutral or insignificant in this case – for example, there are no governing agreements, both forums are familiar with the governing law, and most sources of proof would be documents which can be easily accessed from any location electronically.  The most salient factors in the instant case are the plaintiff's choice of forum, relevant contacts with the respective forums, costs of litigation, and court congestion.  These factors are discussed in turn below.

## I. DEFENDANTS SUFFICIENTLY DEMONSTRATE THAT THE CONVENIENCE OF THE PARTIES AND WITNESSES AND THE INTERESTS OF JUSTICE FAVOR TRANSFER

### A. Plaintiff's choice of forum

Plaintiff argues that her choice of forum should be given "substantial" weight. Opp'n to State Mot. at 10. Indeed, a plaintiff's choice of forum is ordinarily afforded deference, as courts assume that plaintiffs choose to file in the most convenient court. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, courts afford a plaintiff's choice of forum less deference where, as here, the plaintiff does not reside in the district in which she filed. *See Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998). Plaintiff listed her county of residence on her Complaint as Merced. Civil Cover Sheet (Docket No. 1-2).

Plaintiff does not deny the fact that she does not reside in the Northern District of California; rather, she states that she "filed suit here because significant acts and omissions leading to her son's death occurred in Napa." Opp'n to State Mot. at 10. However, the Court is not persuaded that "significant acts and omissions" occurred in the Northern District; in fact, the Court finds otherwise. In *Anderson v. County of Siskiyou* – a case with alarmingly similar facts – the plaintiff's choice of forum was found to be "undermined by the minimal nexus between [the Northern District of California] and the events that form the basis of the action." No. 10-CV-1428-SBA, 2011 U.S. Dist. LEXIS 41023, at *7 (N.D. Cal. Jan. 11, 2011). Notably, in *Anderson*, the plaintiff had received treatment at the Napa State Hospital, and his suicide occurred after he was returned to the Siskiyou County Jail. *Id.* at *3. Here, Mr. Ramirez was never transferred to, nor received any in-person treatment from, the Napa State Hospital.

The core allegations of the Complaint center on Mr. Ramirez's treatment, and eventual suicide, while in custody at JLCF. Plaintiff contends that "incompetent remote telepsychiatry occurred with the physicians in Monterey," but Plaintiff cites no authority

4

for the proposition that a phone call between parties residing in two different districts necessarily occurs in one district or the other. Opp'n to State Mot. at 10.

For these reasons, the Court finds that the majority of the salient events forming the basis for Plaintiff's Complaint transpired in Merced County, which lies in the Eastern District. Taking this into account as well as Plaintiff's residence in the Eastern District, the Court concludes that Plaintiff's choice of forum is entitled to minimal deference.

### B. Contacts with the respective forums

In analyzing which district is a more convenient forum for the parties and witnesses, courts consider contacts with the respective forums, and therefore this Court must again highlight the fact that the majority of the major events leading up to Mr. Ramirez's suicide occurred in Merced County – and more specifically, JLCF. *Compare* Compl. ¶¶ 25-29, 39-42, 44-48, 50-59, 61, 63-67, 70-73, 76-77, 87-95, 97-101 (concerning Mr. Ramirez's treatment at JLCF), *with* ¶¶ 38, 43, 49, 68-69, 75 (concerning Mr. Ramirez's telepsychiatry). Additionally, Plaintiff and the majority of the Defendants reside in the Eastern District. Therefore, the number of contacts with the Eastern District overwhelm those in the Northern District.

CFMG Defendants identify twelve additional witnesses who reside in the Eastern District and appear to have relevant information for Plaintiffs' claims. *See* Varini Decl. (identifying employees of JLCF, first responders to Mr. Ramirez's suicide, officers who investigated Mr. Ramirez's death, and a doctor who performed the autopsy, among others) (Docket No. 25-1). The Court notes that Plaintiff disputes the importance of the testimony of the CFMG Defendants' listed witnesses. However, tellingly, Plaintiff has failed to identify any non-party witnesses who reside in the Northern District, and the only witnesses who do reside in this district are the State Defendants, who now move to transfer the case to the Eastern District. While Defendants have not specifically identified the testimony of the witnesses in the Eastern District and its relevance, the Court nonetheless finds that Defendants have made a strong showing that the nexus of the events occurred in the Eastern District; thus, logically the majority of witnesses will be located there. For

5

these reasons, the Court finds that the number of contacts with the Eastern District favors transfer.

### C. Costs of litigation

Plaintiff contends that travelling to the Eastern District will impose greater costs on her, due to her attorneys' location in the Northern District. Pl.'s Opp'n to CFMG Mot. at 23. However, the convenience of counsel is not a relevant factor under §1404(a). *Pralinsky v. Mutual of Omaha Ins.*, No. 08-CV-3191-MHP, 2008 WL 4532563, at *2 (N.D. Cal. Oct. 9, 2008). To the extent that Plaintiff attempts to use her counsel's costs as a proxy for her costs, the argument is weakened by the contingency fee nature of this case. Defendants point out that Plaintiff resides in the Eastern District, and Plaintiff has not responded with any additional evidence other than her attorneys' travel expenses that would make litigation in the Northern District more costly than the Eastern District. Therefore, the costs of litigation factor weighs in favor of transfer.

### D. Court congestion

Finally, Plaintiff contends that the congestion of the Courts in the Eastern District would subject Plaintiff to undue delay and therefore deny Plaintiff justice. Opp'n to CFMG Mot. at 22. While Court congestion is a factor courts may consider in ruling on a motion to transfer, courts do not always afford the factor great weight, especially if other factors indicate that a case should be transferred. *See, e.g., Bergman v. Brainin*, 512 F. Supp. 972, 975 (D. Del. 1981). Here, the lighter caseload per judge in this district is the strongest factor against transfer, but Defendants have demonstrated that the factors outlined above strongly favor transfer. Furthermore, the interests of justice weigh in favor of transfer when the Court considers which forum, congestion aside, has a greater interest in resolving the litigation. The JLCF is located in the Eastern District of California; thus, it is in the Eastern District's interest to determine whether the jail acts with deliberate indifference to the safety of its prisoners or consciously disregards orders from Superior Courts within the Eastern District.

6

For the reasons stated above, the Court finds that convenience of the parties and the witnesses and the interests of justice outweigh Plaintiff's choice of forum such that the Court finds the case must be transferred to the Eastern District of California.  The Court accordingly GRANTS Defendants' motions to transfer venue.[1]

**CONCLUSION**

For the reasons stated above, the Court finds that Defendants have met their burden of persuasion by demonstrating that the convenience of the parties and witnesses and the interests of justice outweigh the deference accorded to Plaintiff's choice of forum.  For these reasons, Defendants' motions to transfer are hereby GRANTED.  The Clerk shall transfer the instant action to the Eastern District of California, and shall terminate any pending dates and deadlines.

**IT IS SO ORDERED.**

Dated:  03/21/16                              _____
                                              THELTON E. HENDERSON
                                              United States District Judge

---

[1] As the Court has granted the motions to transfer, it need not reach the State Defendants' motion to dismiss.