| | |
|---|---|
| LUCY ATAYDE, individually and as successor in interest of decedent RICHARD MICHAEL RAMIREZ, <br><br> Plaintiff, <br><br> v. <br><br> NAPA STATE HOSPITAL, STATE OF CALIFORNIA DEPARTMENT OF STATE HOSPITALS, a public entity, DOLLY MATTEUCCI, individually, DANA WHITE, R.N., individually, CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., HEATHER GOODE, M.D., SEAN RYAN R.N., DEBORAH MANDUJANO, R.N., CORINA DENNING, R.N., COUNTY OF MERCED, a municipal corporation, former Sheriff TOM CAVALLERO, in his individual and official capacities, Undersheriff JASON GOINS, and DOES 1 THROUGH 10, jointly and severally, <br><br> Defendants. | No. 1:16-cv-00398-DAD-SAB <br><br><br> <u>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND</u> <br><br> (Doc. No. 125) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter is before the court on a motion by plaintiff Lucy Atayde to amend the complaint. (Doc. No. 125.) On June 4, 2019, that motion came before the court for hearing. Attorney Julia Sherwin appeared on behalf of plaintiff. Attorney Alberto L. Gonzalez appeared on behalf of defendants California Department of State Hospitals, Dolly Matteucci, and Dana

1

White (the "State defendants"). Attorney Jemma P. Saunders appeared on behalf of defendants California Forensic Medical Group, Inc., Taylor Fithian, Heather Goode, Sean Ryan, Deborah Mandujano, and Corina Denning. No appearance was made on behalf of defendants County of Merced, Tom Cavallero, and Jason Goins. Having considered the parties' briefing and heard from counsel, and for the reasons that follow, plaintiff's motion will be granted in part.

## BACKGROUND

The factual allegations giving rise to this case have been laid out in detail in a prior order and need not be repeated in full here. *See Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 984–86 (E.D. Cal. 2017). By this motion, plaintiff seeks to identify by name several defendants previously listed as Doe defendants: Cliff Allenby, Patricia Tyler, Cindy Black, Diane Mond, Clifford Tilly, and Amanda Gibson. (Doc. No. 125 at 14–17.) According to the declaration of attorney Julia Sherwin submitted in support of plaintiff's motion, defendant White was deposed in October 25, 2018 along with proposed defendants Black, Tilly, and Gibson. (Doc. No. 126 ("Sherwin Decl.") at ¶ 3.) Their depositions, as well as documents produced in discovery, revealed their liability in the death of Mr. Ramirez, as well as the liability of proposed defendants Allenby, Tyler, and Mond. (*Id.*) Following this discovery, Sherwin declares that several intervening events prevented plaintiff from immediately amending the complaint: (1) a mediation before retired United States District Judge Raul Ramirez on December 14, 2018; (2) preparation for trial in a separate case before United States District Judge Troy L. Nunley; (3) illness on the part of attorney Sherwin; (4) discovery and trial preparation in a separate case before United States District Judge Richard Seeborg; and (5) a personal emergency involving both attorney Sherwin and attorney Haddad. (*Id.* at ¶¶ 4–8.) Thus, the instant motion was not filed until May 7, 2019. The State defendants filed an opposition on May 21, 2019. All other defendants have filed statements of non-opposition. (Doc. No. 132, 133.) Plaintiff filed a reply on May 28, 2019. (Doc. No. 142.)

## LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after

service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires," *id.*, and in the Ninth Circuit, that rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In analyzing whether leave to amend should be granted, courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see also Alzheimer's Inst. of Am. v. Elan Corp.*, 274 F.R.D. 272, 276 (N.D. Cal. 2011); *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010). "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

**ANALYSIS**

The State defendants' opposition argues that leave to amend should be denied because it would unfairly prejudice them, and because plaintiff improperly delayed in filing the instant motion.[1] Before addressing these arguments, however, the court first discusses the State defendants' contention that leave to amend should be denied because amendment would necessitate a modification of the scheduling order.

---

[1] Both the County and California Forensic Medical Group defendants filed statements of non-opposition to the pending motion to amend. (Doc. Nos. 139, 140.)

3

**A.     Good Cause to Modify the Scheduling Order**

Under the amended scheduling order governing this action, the deadline for non-expert discovery is July 19, 2019. (Doc. No. 122 at 2.) That deadline has already been extended twice: the original scheduling order in this case stated that non-expert discovery was to conclude by March 16, 2018, and the first amended scheduling order reset the deadline to September 21, 2018. (Doc. No. 102 at 1; Doc. No. 115 at 1.) On October 15, 2018, plaintiff noticed eight depositions, including depositions of proposed defendants Tilly and Black, at least some of which have yet to be conducted. (Doc. No. 135-2 at 51–52.) Defendants argue that under these circumstances, a further modification of the scheduling order would be required if amendment is granted to accommodate the additional discovery that must occur.

To modify the scheduling order, the moving party must satisfy the "good cause" showing required under Federal Rule of Civil Procedure 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, No. CV 14-1196 SS, 2017 WL 3449597, at *2 (C.D. Cal. Feb. 7, 2017); *Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp.*, No. SACV 15-1711 JVS (JCGx), 2016 WL 7626138, at *1 (C.D. Cal. Nov. 10, 2016). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Judges of this district, including the undersigned, have adhered to a three-step inquiry in determining whether good cause under Rule 16 has been satisfied:

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Moore v. Superway Logistics, Inc.*, No. 1:17-cv-01480-DAD-BAM, 2019 WL 79010, at *4 (E.D. Cal. Jan. 2, 2019); *Wake Forest Acquisitions, L.P. v. Vanderbilt Commercial Lending, Inc.*, No.

2:15-cv-02167 KJM DB, 2018 WL 1586362, at *3 (E.D. Cal. Apr. 2, 2018); *Grant v. United States*, No. 2:11-cv-00360 LKK, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *report and recommendation adopted*, 2012 WL 218959 (E.D. Cal. Jan. 23, 2012); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

On the facts of this case, the court concludes that it need not resolve the question of whether the scheduling order requires modification at this time. As noted, the deadline for non-expert discovery is currently set at July 19, 2019, more than one month from now. (Doc. No. 122 at 2.) Plaintiff's counsel has committed to working diligently in an effort to complete discovery by that time, if necessary. Moreover, it appears to the court that little additional discovery (if any) is required—according to plaintiff's motion, each of the parties plaintiff seeks to add as defendants were employed by defendants Napa State Hospital, California Department of State Hospitals, or California Forensic Medical Group at the time of the events in question. (*See* Doc. No. 125 at 14–17.) Because substantial discovery has presumably already occurred with respect to these defendants, it is at least possible that no modification of the scheduling order would be required. Under these circumstances, the court declines to analyze whether plaintiff has presented good cause under Rule 16. Resolution of that issue is left to the assigned magistrate judge to address in the first instance, if necessary.

**B.      Amendment to the Pleadings**

The court next addresses whether amendment to the pleadings is proper under Rule 15. In opposing amendment, the State defendants argue that amendment would unfairly prejudice them, and that plaintiff has unduly delayed in seeking to amend at this late date. (Doc. No. 135 at 3–7.) Specifically, the State defendants argue that they will be prejudiced because plaintiff seeks to add four additional State defendants, which will necessitate further discovery as to each of them. (*Id.* at 3–4.) In addition, the State defendants hypothesize that conflicts of interest between these new defendants might preclude a single attorney from representing each of them. In that event, new attorneys would be brought into this action, further delaying resolution of this case.

/////

5

The court acknowledges these concerns but finds that only limited prejudice would result here. Plaintiff is not seeking by this amendment to add new causes of action, nor is plaintiff in any way altering her theory of the case. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming a district court's denial of a motion to amend where the "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"). The general thrust of plaintiff's case remains the same, namely that the entities already named in this case, acting through their employees and officers, effectuated a course of conduct that violated decedent Richard Michael Ramirez's constitutional and statutory rights. Thus, this motion amounts to nothing more than an attempt to name previously unnamed Doe defendants, which district courts routinely permit. *See Boyd v. Etchebehere*, No. 1:13-cv-01966-LJO-SAB, 2015 WL 6890714, at *4 (E.D. Cal. Nov. 9, 2015) ("The fact that defense counsel contends amendment would require him to litigate this action against an additional seven defendants does not alone support a finding of prejudice, particularly given that counsel was on notice that Plaintiff sought relief against 'Doe' defendants for which Plaintiff diligently sought the identities through discovery."); *Mahone v. Pierce County*, No. C14-5665 BHS-KLS, 2015 WL 164121, at *2 (W.D. Wash. Jan. 12, 2015); *Martin v. Litton Loan Servicing, LP*, No. 2:12-cv-00970-MCE-EFB, 2012 WL 13046350, at *1 (E.D. Cal. Sept. 11, 2012). It is unclear how this amendment would unfairly prejudice defendants under those circumstances.[2]

The court next considers whether amendment should be denied because plaintiff has unduly delayed in filing this motion. Here, the court agrees with the State defendants that plaintiff has not sought to amend as expeditiously as possible. A six-month delay in seeking leave to amend is considerable, particularly given the length of delay that has already occurred in this case. Under the original scheduling order, trial was slated to begin on March 19, 2019, which

---

[2] With respect to whether any prejudice would result because of new attorneys brought into the case, the court finds that this amounts only to speculation. It is certainly possible that the proposed defendants possess conflicts of interest that would necessitate hiring individual counsel, but the State defendants have not pointed to any facts evincing such a conflict. Any potential for a conflict of interest has little to no bearing on the court's analysis.

of course has already passed. (Doc. No. 102 at 1.) Moreover, the court finds some of plaintiff's explanations for delay to be less than satisfactory. In particular, the argument that delay was caused because of work on other litigation is not well taken. To the extent a party is hampered in its ability to properly litigate a case due the press of other business, the proper course of action is to promptly seek a stipulation to extend time or, if one is not forthcoming, to file a motion to that effect. Such motions are neither complex nor particularly time-consuming, and if filed could have resolved this issue months ago. The court finds at least some lack of diligence on the part of plaintiffs' counsel in failing to move to amend in a timely fashion.

Nonetheless, the court remains sensitive to the other explanations advanced by plaintiffs' counsel. The undersigned is especially cognizant of the delay that occurred due to a serious illness by attorney Haddad's mother. (Sherwin Decl. at ¶ 8.) Moreover, this event interfered with both attorneys' (Haddad and Sherwin) ability to litigate this action. (*See id.*) In any event, while delay is one factor that the court must consider in resolving this motion, it is not the decisive one. *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) ("[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend."); *Country Fresh Batter, Inc. v. Lion Raisins, Inc.*, No. 1:17-cv-01527-DAD-BAM, 2018 WL 3436829, at *3 (E.D. Cal. July 13, 2018) ("[D]elay by a party in seeking leave to amend is only one of several factors for the court's consideration, and it is not the most important."). Thus, while the court does find some degree of undue delay, that finding alone does not compel denial of plaintiff's motion.

In addition, the remaining factors all support the conclusion that plaintiff's motion to amend should be granted. First, there is no indication that plaintiff is seeking to amend in bad faith. Second, amendment in this case is not futile, because liability against the proposed defendants is effectively co-extensive with the liability of several of the defendants already named in this action. Third, while plaintiff has already amended the complaint, that was done in response to defendants' motion to dismiss. Apart from that, plaintiff has not previously amended. Viewed as a whole, the court finds that amendment is permissible under Rule 15.

/////

/////

7

**C.     Naming of Cliff Allenby as Defendant**

Finally, the court notes an additional impediment to the proposed amendment, specifically with regard to proposed defendant Allenby. As the court noted at the hearing, publicly available information indicates that Mr. Allenby passed away in September 2018.[3] While the court is not permitted to take judicial notice of the truth of factual assertions contained in newspapers or other similar periodicals, *see Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), the undersigned is nonetheless concerned that Mr. Allenby may not be a proper party to this action. *See* Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party.").[4]

None of the parties have addressed this issue—indeed, at the hearing on the motion counsel indicated that they were unaware of Mr. Allenby's passing. Nor, to the court's knowledge, has a suggestion of death been filed or served on the parties. *See Barlow v. Ground*, 39 F.3d 231, 232 (9th Cir. 1994). Under these circumstances, the court finds that the most prudent course of action is to deny plaintiff's motion to amend as to Mr. Allenby without prejudice. To the extent plaintiff seeks to prosecute this action against a representative of Mr. Allenby, plaintiff will be given leave to file a motion to that effect.

**CONCLUSION**

For the reasons set forth above,

1.     Plaintiff's motion to amend (Doc. No. 125) is granted in part;

/////

/////

---

[3] *See* Bryan Anderson, *'A superb public servant': Longtime California official Cliff Allenby dies at 82*, SACRAMENTO BEE (Sept. 24, 2018), https://www.sacbee.com/news/politics-government/capitol-alert/article218971375.html.

[4] The Supreme Court has indicated that the law of the forum state "provides the principal reference point in determining survival of civil rights actions" such as this one. *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978); *McNeal v. Evert*, No. 2:05-CV-441-GEB-EFB, 2015 WL 1680496, at *1 (E.D. Cal. Apr. 14, 2015); *Hines v. Cal. Pub. Utils. Comm'n*, No. C-10-2813 EMC, 2010 WL 4919234, at *1 (N.D. Cal. Nov. 24, 2010); *see also Kentucky v. Graham*, 473 U.S. 159, 166 n.11 (1985) ("Should [an] official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate.")

2. Plaintiff may file an amended complaint naming Patricia Tyler, Cindy Black, Diane Johnston Mond, Clifford Tilly, and Amanda Gibson as defendants in this action;

3. Plaintiff's motion is denied without prejudice with respect to proposed defendant Cliff Allenby; and

4. If plaintiff seeks to name Mr. Allenby or his representative as a defendant in this action, plaintiff is directed to file a motion to amend within twenty-one days of service of this order addressing the concerns discussed above.

IT IS SO ORDERED.

Dated: **June 6, 2019**

UNITED STATES DISTRICT JUDGE