# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ATAYDE,<br><br>    Plaintiff,<br><br>    v.<br><br>NAPA STATE HOSPITAL, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00398-DAD-SAB<br><br>ORDER DENYING STIPULATED REQUEST FOR *IN CAMERA* REVIEW AND REQUIRING PARTIES TO FURTHER MEET AND CONFER<br><br>ORDER DENYING STIPULATED REQUEST TO MODIFY SCHEDULING ORDER IN PART<br><br>(ECF Nos. 174, 175) |

On December 19, 2019, the parties filed stipulations requesting: (1) modification of the scheduling order; and (2) *in camera* review of documents that were produced with redactions during written discovery for the determination of whether privileges were properly asserted. (ECF Nos. 174, 175.)

As to the parties' request for *in camera* review, the Court notes that the only meet and confer effort between the parties that is described in the stipulation is a telephone conference that occurred over four months ago on August 6, 2019. (ECF No. 175.) The Court is disinclined to accommodate the parties' stipulated request for *in camera* review without a formal application accompanied with detailed affidavits describing the parties' efforts to meet and confer regarding this issue and the parties' respective positions that resulted in an impasse that requires court intervention. The Court orders the parties to further meet and confer concerning the dispute and

1

1  advises the parties that the Court will not be inclined to entertain such request for *in camera*
2  review without at least one in-person meeting where the parties attempt to resolve this dispute.[1]
3  If the parties have not resolved the dispute through meet and confer by January 10, 2020, the
4  parties may then file the renewed request for *in camera* review with detailed affidavits for
5  consideration by the Court.

6  The Court now turns to the parties' request to modify the scheduling order. While the
7  Court recognizes that District Judge Drozd informed the parties that this matter is unlikely to get
8  to trial on the currently set trial date due to the overburdened criminal docket, the stipulated
9  request to modify the scheduling order does not request a change to the trial date or pre-trial
10 conference, and the proposed date for filing of dispositive motions falls too close to the current
11 dates set for the pre-trial conference and trial. Given the parties' request for *in camera* review
12 resulting from apparently little to no effort at meeting and conferring on the issue, and the
13 multiple amendments to the scheduling order already entered (ECF Nos. 115, 122, 150, 167,
14 170), it is not clear to the Court that the parties have been fully diligent in completing necessary
15 discovery in accordance with established deadlines. Therefore, the Court shall only grant a
16 partial extension of the requested modification to the non-expert discovery deadline at this time.
17 The parties may renew their request for a modification to the scheduling order after meeting and
18 conferring on the aforementioned discovery dispute. If the parties resolve the discovery dispute
19 independently, they may file a renewed request for modification of the scheduling order prior to
20 January 10, 2020, otherwise it may be filed concurrently with the renewed request for *in camera*
21 review on or after January 10, 2020. The parties may also contact the Courtroom Deputy,
22 Mamie Hernandez, at (559) 499-5672, to schedule an informal conference to discuss the
23 discovery dispute and further modification of the scheduling order.
24 ///
25 ///
26

---

27 [1] Counsel are advised that they must work together on this case. This Court is one of the busiest courts in the nation, and it will not mediate disputes resulting from counsel failing to meet and confer. Counsel are strongly
28 encouraged to resolve their disputes independently.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The stipulated request for *in camera* review is DENIED;

2. The parties shall further meet and confer on the disputes related to the request for *in camera* review, and if the dispute is not resolved by January 10, 2020, the parties may then file a renewed request for *in camera* review accompanied with affidavits describing the meet and confer efforts and detailing the issues that have caused the impasse;

3. The scheduling order is hereby modified to extend the non-expert discovery deadline until January 31, 2020;

4. All other dates and aspects of the June 30, 2017 scheduling order, as previously modified (ECF Nos. 102, 115, 122, 150, 161, 167, 170), shall remain in effect; and

5. If the parties resolve the discovery dispute independently, they may file a renewed request for modification of the scheduling order prior to January 10, 2020, otherwise it may be filed concurrently with the renewed request for *in camera* review on or after January 10, 2020.

IT IS SO ORDERED.

Dated: **December 20, 2019**

UNITED STATES MAGISTRATE JUDGE