# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ATAYDE,<br><br>    Plaintiff,<br><br>    v.<br><br>NAPA STATE HOSPITAL, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00398-DAD-SAB<br><br>ORDER DENYING STIPULATED REQUEST RE DISCOVERY DEADLINES<br><br>(ECF No. 179) |

On December 30, 2019, the parties in this action filed a stipulation to amend the scheduling order. (ECF No. 177.) On January 2, 2020, the Court granted the modification to the scheduling order, however, the Court denied the parties' additional request to allow for limited discovery regarding Defendants' financial condition to occur after the deadlines contained in the scheduling order and in close proximity to the trial date. (ECF No. 178.) The Court's order also clearly stated that "[n]o further stipulations will be entered without a noticed motion setting forth good cause, not already herein articulated." (Id.)

On January 8, 2020, the parties filed a stipulation requesting that the Court extend the deadline for Defendant to respond to Plaintiff's financial discovery requests until either the earlier of: (1) twenty (20) days after ruling on Defendants' motions for summary judgment; or (2) October 1, 2020. (ECF No. 179.) Further, the parties agreed that Plaintiff shall have forty-

five (45) days after the production of the financial documents to complete any financial condition depositions. (Id.)

The parties have not submitted a noticed motion and instead filed a stipulation in direct contravention of the Court's January 2, 2020 order, and the Court shall deny the parties' request on this ground. (ECF No. 178.) Further, on review of the stipulation, the Court notes the parties have not set forth any compelling reason for the Court to entertain such deviation from the scheduling order and standard discovery procedures prior to trial. In fact, the parties concede in the stipulation that Plaintiff's position is that discovery of financial condition information is not contingent on Plaintiff's establishing Defendant's liability for punitive damages in disagreement Defendants. (ECF No. 179 at 2.) The parties state that despite this disagreement, Plaintiff agrees to the stipulation to conserve the time and resources of the parties and the Court, and to assist the parties in minimizing fees and costs in this civil rights case. (Id. at 3.) Even if this rationale was set forth in a noticed motion, the Court does not find it persuasive given the Court's previously voiced concerns.

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated request for extending the discovery deadlines for limited financial discovery is DENIED.

IT IS SO ORDERED.

Dated: **January 9, 2020**

UNITED STATES MAGISTRATE JUDGE

2