UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ATAYDE, individually and as successor in interest of decedent RICHARD MICHAEL RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>NAPA STATE HOSPITAL, et al.,<br><br>Defendants. | No. 1:16-cv-00398-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION SEEKING RECONSIDERATION<br><br>(Doc. No. 238) |

This matter is before the court on plaintiff Lucy Atayde's motion seeking reconsideration of the court's April 22, 2022 order granting in part and denying in part defendants' motion for summary judgment. (Doc. No. 238.) Plaintiff's motion was taken under consideration on the papers without a hearing. Having reviewed the parties' briefing, and for the reasons that follow, plaintiff's motion for reconsideration will be denied.

**BACKGROUND**

The factual background of this case has been discussed at length in the court's prior orders granting in part and denying in part defendants' motions to dismiss (Doc. Nos. 63, 98) and granting in part and denying in part defendants' motion for summary judgment (Doc. No. 237). That background will not be repeated here in its entirety. In quick summary, this action arose out of Richard Ramirez's (the "decedent") suicide on December 15, 2014 in the Merced County Jail,

where he had been awaiting transfer to a state psychiatric hospital after being found incompetent to stand trial on criminal charges brought against him in the Merced County Superior Court. (Doc. No. 237 at 2.) Plaintiff—the decedent's mother—filed suit under 42 U.S.C. § 1983, alleging that defendants violated the decedent's Fourteenth Amendment rights to access to medical care and restorative treatment. (*Id.*) Plaintiff has additionally brought claims under the California Bane Act (California Civil Code § 52.1) and under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("RA"). (*Id.*)

In its order granting in part and denying in part defendants' motion for summary judgment, this court interpreted plaintiff's § 1983 allegations that defendants violated the decedent's Fourteenth Amendment rights to access to medical care and restorative treatment as asserting the following two distinct causes of action: (1) defendants were "deliberately indifferent" to the decedent's medical needs and (2) defendants failed to provide the decedent with timely restorative treatment after he was declared incompetent to stand trial. (*Id.* at 7.) The court thus analyzed the two causes of action separately. (*Id.*)

The court granted summary judgment in favor of defendants with respect to plaintiff's deliberate indifference claim in light of defendants' "cost defense," a defense recognized by the Ninth Circuit by which prison officials cannot be held liable for deliberate indifference when they do not have sufficient resources so as to have acted differently. (*Id.* at 12) (citing *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (*en banc*)).

The court then granted summary judgment in favor of defendants with respect to plaintiff's failure to provide restorative treatment claim because the court concluded that defendants were entitled to qualified immunity as to that claim. (*Id.* at 18–20.) Specifically, the court concluded that the Ninth Circuit has not provided a concrete time frame as to the length of time that an IST defendant may be kept in jail before being transferred to a state hospital for restorative treatment. (*Id.* at 18) (quoting *Luong v. Napa State Hospital*, 411 F. Supp. 3d 615, 649 (N.D. Cal. 2019)). Notably, the court stated that absent qualified immunity, "a jury could reasonably find from the evidence presented on summary judgment that the nearly two months the decedent spent in the Merced County Jail . . . violated his due process rights to restorative

treatment." (*Id.* at 15.) Nevertheless, the undersigned concluded that the defendants were entitled to qualified immunity because the decedent's rights had not been clearly established under controlling law.

The court also granted summary judgment in favor of defendants with regard to plaintiff's Bane Act claim under state law, but denied summary judgment in favor of defendants as to plaintiff's ADA and RA claims. (*Id.* at 27.)

Plaintiff has moved for reconsideration of the court's order granting in part and denying in part defendants' motion for summary judgment. (Doc. No. 238.) In particular, plaintiff contends that because the court stated that—absent qualified immunity—a jury could find that the defendants violated the decedent's right to restorative treatment, the court should have allowed plaintiff's Bane Act claim to go forward. (*Id.* at 2.) Like 42 U.S.C. § 1983, California's Bane Act provides a private right of action to plaintiffs for damages "against any person, whether acting under color of law or not, who interferes with or attempts to interfere 'by threats, intimidation, or coercion with the exercise or enjoyment" of their civil rights under the laws of the United States or California. *Martinez v. County of Sonoma*, 15-cv-01953-JST, 2015 WL 5354071, at *9 (N.D. Cal. Sept. 14, 2015). Plaintiff thus contends that because her restorative treatment claim could succeed, so too could her Bane Act claim to the extent it is based on the violation of the decedent's right to timely restorative treatment. (Doc. No. 238 at 2.) Plaintiff bases her argument on the contention that a qualified immunity defense is inapplicable to state law Bane Act claims. (*Id.*)

On April 27, 2022, plaintiff filed her motion for reconsideration. (Doc. No. 238.) On April 28, 2022, the court set a briefing schedule directing defendants to file a response to plaintiff's motion. (Doc. No. 239.) On May 26, 2022, defendants filed their opposition to plaintiff's motion seeking reconsideration. (Doc. No. 242.) On May 28, 2022, plaintiff filed her reply thereto. (Doc. No. 243.)

## LEGAL STANDARD

A party may move to alter or amend a judgment within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59 motion "should not be granted . . . absent highly

3

unusual circumstances." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

## DISCUSSION

As noted above, in its previous order granting in part and denying in part defendants' motion for summary judgment, the court granted summary judgment in favor of defendants with respect to plaintiff's deliberate indifference claim, failure to provide timely restorative treatment claim, and Bane Act claim. (*See* Doc. No. 237.) With regard to plaintiff's Bane Act claim, the court concluded that the evidence presented on summary judgment did not show that defendants had intentionally interfered with the decedent's civil rights in this case by way of threats, intimidation, or coercion, as is required to prevail on such a claim. (*Id.* at 25–26.) In her motion seeking reconsideration, plaintiff challenges that conclusion. (*See* Doc. No. 238.)

As an initial matter, the court will repeat the elements plaintiff must prove in order to succeed on the Bane Act claim. To prevail on such a claim, plaintiff must allege and show that defendants intentionally interfered with the decedent's civil rights via threats, intimidation, or coercion. *Reese v. County of Sacramento*, 888 F.3d 1030, 1044 (9th Cir. 2018). "Nothing in the text of the statute requires that the offending 'threat, intimidation or coercion' be 'independent' from the constitutional violation alleged." *Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766, 800 (2017). Furthermore, "a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese*, 888 F.3d at 1045.

Finally, deliberate indifference qualifies as reckless disregard when it comes to the violation of constitutional rights. *Scalia v. County of Kern*, 493 F. Supp. 3d 890, 903 (E.D. Cal. 2019). Based on the foregoing, this court previously concluded that had plaintiff succeeded on her claim that defendants were deliberately indifferent to the decedent's medical needs, "so too could plaintiff's Bane Act claim survive summary judgment." (Doc. No. 237.) However, because the court granted summary judgment in favor of defendants on the merits of plaintiff's deliberate indifference claim, the court could not conclude that plaintiff had otherwise come forward with evidence from which it could be found that defendants had shown a reckless disregard of the decedent's constitutional rights rising to a level of "threat, intimidation or coercion." (*Id.*) Notwithstanding this conclusion as to plaintiff's deliberate indifference claim, the court did not explain in precise detail how plaintiff's separate and distinct claim for failure to provide restorative treatment might influence her Bane Act claim.

      Plaintiff does not seek reconsideration of the court's order granting summary judgment in favor of defendants as to her deliberate indifference to medical care claim. Rather, plaintiff bases her motion for reconsideration on the grounds that the court did not specifically explain how her failure to provide restorative treatment claim applies to her Bane Act claim. In her motion for reconsideration, plaintiff argues that because summary judgment was granted in favor of defendants on her failure to provide timely restorative treatment claim based solely on qualified immunity—as opposed to on the merits—the underlying claim should still satisfy the Bane Act's requirement of an intentional interference with a constitutional right via "threat, intimidation or coercion" because qualified immunity "does not apply to state law claims, in particular, Bane Act claims." (Doc. No. 238 at 5.) In short, plaintiff argues that because she could otherwise succeed on her failure to provide restorative treatment claim absent qualified immunity, so too could she succeed on her Bane Act claim. Plaintiff's argument boils down to the following: defendants intentionally interfered with the decedent's civil rights by way of threat, intimidation, or coercion based on their failure to provide restorative treatment to the decedent. Plaintiff thus avers that a § 1983 restorative treatment claim can support a state law Bane Act claim in the same way that a

/////

5

§ 1983 deliberate indifference to medical needs claim can.  (Doc. No. 238 at 6.)  Plaintiff's argument in this regard is not persuasive for the reasons explained below.

**A.      Mental State Applicable to a Failure to Provide Restorative Treatment Claim**

An incapacitated pre-trial detainee—such as the decedent in this case—has a recognized liberty interest in restorative treatment.  As the Ninth Circuit held in *Mink*, "[i]ncapacitated criminal defendants have liberty interests in freedom from incarceration and in restorative treatment."  *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1121 (9th Cir. 2003).  As the Ninth Circuit acknowledged, "[w]e have held that civilly committed persons must be provided with mental health treatment that gives them 'a realistic opportunity to be cured or improve the mental condition for which they were confined.'"  *Id.* (quoting *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000)).

Crucial to plaintiff's pending motion for reconsideration, the culpable mental state applicable to a failure to provide restorative treatment claim is not the same as the required mental state to prevail on a deliberate indifference to medical needs claim.  The Ninth Circuit concluded as much in *Mink*, 322 F.3d at 1120–21 when it addressed what standard to apply in the context of an alleged failure to provide restorative treatment to a pretrial detainee:

> In *Youngberg v. Romeo*, 457 U.S. 307 (1982), the Supreme Court stated that "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Id.* at 321–22.  To apply the deliberate indifference standard here would be to relegate incapacitated criminal defendants to the same level of treatment afforded to convicted prisoners, a result *Youngberg* rejected.  *See id.* at 325 (concluding that "the jury was erroneously instructed on the assumption that the proper standard of liability was that of the Eighth Amendment."); *see also Patten v. Nichols*, 274 F.3d 829, 838 (4th Cir. 2001) ("Applying the deliberate indifference standard to [the plaintiff's] claim would be giving involuntarily committed patients the *same* treatment as that afforded to convicted prisoners, a result the *Youngberg* Court specifically condemned."); *Boring v. Kozakiewicz*, 833 F.2d 468, 472 (3d Cir. 1987) ("To apply the Eighth Amendment standard to mentally retarded persons would be little short of barbarous.").  Therefore, we hold that the substantive due process rights of incapacitated criminal defendants are not governed by the deliberate indifference standard.

In so concluding, the Ninth Circuit also stated that, "[w]hether the substantive due process rights of incapacitated criminal defendants have been violated must be determined by balancing

6

the liberty interests in freedom from incarceration and in restorative treatment against the legitimate interests of the state." *Id.* (citing *Youngberg*, 457 U.S. at 321). "Holding incapacitated criminal defendants in jail for weeks or months violates their due process rights because the nature and duration of their incarceration bear no reasonable relation to the evaluative and restorative purposes for which courts commit those individuals." *Id.* at 1122. As this court recognized in its previous order—and as both parties have acknowledged in their briefing—this balancing test amounts to a culpable mental state standard of "conscious indifference amounting to gross negligence." *Estate of Conners v. O'Connor*, 846 F.2d 1205, 1208 (9th Cir. 1988); *see also* Doc. Nos. 242 at 2; 243 at 3.

In contrast, the Ninth Circuit has held that "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective *deliberate indifference* standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (emphasis added) (citing *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). Given that the mental culpability standard applicable to a failure to provide restorative treatment claim is gross negligence, and not deliberate indifference, the question presented by plaintiff in the pending motion for reconsideration is whether "gross negligence" amounts to the same level of culpability as "deliberate indifference" when it comes to the Bane Act's requirement of an intentional interference with a constitutional right via threat, intimidation, or coercion. The case law on this issue firmly establishes that it does not.

**B.     Distinction Between Deliberate Indifference and Gross Negligence**

Plaintiff argues that "conscious indifference amounting to gross negligence is no different than the current objective deliberate indifference that applies to due process claims brought by other pretrial detainees." (Doc. No. 243 at 3.) However, almost every case plaintiff cites in support of this argument stands for the proposition that intentional threats, coercion, and intimation are inherent in deliberate indifference claims, but are not in gross negligence claims. (*See id.* at 2–3.) In reality, district courts in this circuit routinely draw a distinction between deliberate indifference and negligence within the context of the Bane Act. *See, e.g.*, *M.H. v.*

7

*County of Alameda*, 90 F. Supp. 3d 889, 899 (N.D. Cal. 2013) ("Because deliberate indifference claims necessarily require more than 'mere negligence,' a prisoner who successfully proves that prison officials acted or failed to act with deliberate indifference to his medical needs . . . adequately states a claim for relief under the Bane Act."); *Atayde v. Napa State Hospital*, No. 1:16-cv-00398-DAD-SAB, 2016 WL 4943959, at *8 (E.D. Cal Sept. 16, 2016) (finding that "threats, coercion, and intimidation are inherent in a deliberate indifference claim," but mere negligence will not support a claim for deliberate indifference); *D.V. v. City of Sunnyvale*, 65 F. Supp. 3d 782, 788 (N.D. Cal. 2014) (finding that the Bane Act requires intentional interference with a constitutional right, and not merely negligent acts). Moreover, the Ninth Circuit itself, as well as district courts within the circuit, have held time and again that even *gross* negligence does not rise to the level of deliberate indifference. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice."); *L.W. v. Grubbs*, 92 F.3d 894, 899 (9th Cir. 1996) (discussing the clear difference in culpability between deliberate indifference and gross negligence and emphasizing that distinction by pointing out that at trial "the jury found only that the defendant acted unreasonably and was therefore guilty of gross negligence, but the jury explicitly found that the deliberate indifference standard had not been met."); *see also Lozano v. County of Santa Clara*, No. 19-cv-02634-EMC, 2019 WL 6841215, at *13 (N.D. Cal. Dec. 16, 2019) (finding that "misdiagnosis, medical malpractice, or even gross negligence do not rise to the level of deliberate indifference"), *aff'd* No. 20-15992, 2021 WL 4077000 (9th Cir. Sept. 8, 2021); *Leonard v. Coalinga State Hospital*, No. 1:18-cv-01049-DAD-GSA, 2019 WL 2249628, at *8 (E.D. Cal. May 24, 2019) (noting in the context of California's Elder Abuse Act that a plaintiff must allege that a defendant acted with recklessness, malice, or oppression and that the Act "does not apply to simple or gross negligence.").

Thus, gross negligence simply does not rise to the same level of culpability as deliberate indifference. Although a plaintiff may succeed on a failure to provide restorative treatment claim by showing mere conscious disregard amounting to gross negligence, that level of culpability remains lower than one of deliberate indifference. *See Mink*, 322 F.3d at 1121, n.11. Therefore,

gross negligence does not in and of itself qualify as intentional coercive, intimidating, or threatening conduct prohibited by the Bane Act. Notably, plaintiff has not provided a single case in which a court has concluded otherwise.

Accordingly, plaintiff cannot support her Bane Act claim solely based on the fact that she presented evidence on summary judgment showing a potential for success on the merits of her failure to provide restorative treatment claim. As the court concluded in its previous order granting defendants' motion for summary judgment with respect to plaintiff's Bane Act claim, there is therefore also no evidence of intentional threats, intimidation or coercion beyond the coercion inherent in the fact that the decedent was detained in the custody of the county jail during the pendency of defendants' process of admitting him to Napa State Hospital. (Doc. No. 237 at 26) (citing *Luong*, 411 F. Supp. 3d at 647).

As explained above, a motion for reconsideration "should not be granted, absent highly unusual circumstances" unless a party sets forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Although plaintiff's motion is well taken in that the court did not explicitly explain in its previous order that plaintiff's failure to provide restorative treatment claim did not amount to the culpable mental state necessary to support a Bane Act claim, the court has thoroughly done so now.

Plaintiff's motion seeking reconsideration (Doc. No. 238) of this court's April 25, 2022 order (Doc. No. 237) is therefore denied.

IT IS SO ORDERED.

Dated:   **June 30, 2022**

UNITED STATES DISTRICT JUDGE