UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ATAYDE, Individually and as Successor in Interest of Decedent RICHARD MICHAEL RAMIREZ, | No.  1:16-cv-00398-ADA-SAB |
| Plaintiff, | AMENDED TENTATIVE PRETRIAL ORDER |
| v. | |
| NAPA STATE HOSPITAL, STATE OF CALIFORNIA DEPARTMENT OF STATE HOSPITALS, a public entity, Jointly and Severally, | Deadlines: Proposed Jury Instructions: **May 9, 2023** Objections: **May 16, 2023** |
| Defendants. | Motions *in Limine* Filing: **May 2, 2023** Oppositions: **May 9, 2023** |
| | Trial Submissions: **May 16, 2023** (misc.) Jury Trial: **May 23, 2023, at 8:30 a.m.** Courtroom 1; jury trial; in person |

On March 6, 2023, the Court conducted a final pretrial conference. Michael Haddad and Julia Sherwin appeared as counsel for Plaintiff; Amie C. Bears appeared as counsel for Defendants.  Having considered the parties' joint pretrial statement and the views of the parties, the court issues this tentative pretrial order.

Plaintiff Lucy Atayde ("Plaintiff") brings this civil rights action against Defendants Napa State Hospital, State of California Department of State Hospitals, with violations arising under

Americans with Disabilities Act ("ADA") – 42 U.S.C. § 12132 and 28 C.F.R. §35, et seq., the Rehabilitation Act ("RA") – 29 U.S.C. § 794, et seq. Plaintiff claims that Defendants acted with deliberate indifference toward the psychiatric needs of the decedent, Richard Ramirez, which resulted in his suicide at the Merced County John Latoracca Correctional Center on December 15, 2014. This action proceeds on Plaintiff's Second Amended Complaint (ECF No. 148). The matter is set for a jury trial on May 23, 2023

## I.      JURISDICTION/VENUE

Subject Matter Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343. Jurisdiction is not contested.

The events that gave rise to the action occurred in Merced County, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1391.  Venue is not contested.

## II.      JURY

Both parties have demanded a jury trial. (ECF No. 249 at 2). The jury will consist of eight jurors.

## III.      UNDISPUTED FACTS

In their joint pre-trial statement, Parties filed separate statements of fact that each believed to be undisputed. (ECF No. 249 at 2-19.) Parties are directed to meet and confer and file a consolidated statement of undisputed facts, within **14 days of the date of this order**.

## IV.      DISPUTED FACTUAL ISSUES

1.  When the State was on notice of Mr. Ramirez's disability;

2.  Whether, by reason of his disability, and by State employees' deliberate indifference, Mr. Ramirez was excluded from participation in DSH's or NSH's services, programs, and activities;

3.  Whether, by reason of his disability, and by State employees' deliberate indifference, Mr. Ramirez was otherwise discriminated against, with regard to DSH's or NSH's services, programs, and activities;

4.  When the State, through its employees, was or should have been on notice of Mr.

2

1           Ramirez's need for accommodation concerning his treatment and admission to

2           Napa State Hospital or to any other available public or private treatment facility;

3       5.   Whether the State, by deliberate indifference of its employees, failed to provide

4           such accommodation to Mr. Ramirez;

5       6.   Whether the State's actions and omissions caused Mr. Ramirez's death;

6       7.   The nature and extent of Decedent's and Plaintiff's claimed injuries;

7       8.   The amount of Plaintiff's damages.

8    V.    DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

9        The parties have not yet filed motions *in limine*.  The court does not encourage the filing

10   of motions *in limine* unless they are addressed to issues that can realistically be resolved by the

11   court prior to trial and without reference to the other evidence which will be introduced by the

12   parties at trial.  The parties anticipate filing the motions *in limine* below.  Any motions *in limine*

13   counsel elects to file shall be filed no later than **21 days before trial**.  Opposition shall be filed no

14   later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**.

15   Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on

16   any motions *in limine* prior to the first day of trial.

17       Plaintiff's Motions *in Limine*

18      1.   To exclude any evidence, references to evidence, testimony, comment, or argument

19          from Defendants and their experts concerning any non-disclosed pre- or post-incident

20          alleged crimes or bad acts by Plaintiff Lucy Atayde;

21      2.   To exclude any evidence, references to evidence, testimony, comment, or argument

22          from Defendants and their experts concerning the factual details of the incident and

23          charges that led to Decedent's arrest and incarceration at Merced County's John

24          Latoracca Correctional Center on August 23, 2014, except that Decedent was arrested

25          for felonies and awaiting trial;

26      3.   To exclude any evidence, references to evidence, testimony, comment, or argument

27          from Defendants and their experts concerning any claimed contributory fault of any

28          other person or entity, since contributory fault is not a defense to an ADA claim;

4.  To exclude any evidence, references to evidence, testimony, comment, or argument from Defendants and their experts concerning any claimed lack of budget or resources to address Decedent's rights under the ADA, since lack of budget or resources is not a defense to an ADA claim against the State;

5.  To exclude any evidence, references to evidence, testimony, comment, or argument concerning the amount of Plaintiff's settlement with the county and CFMG defendants;

6.  To exclude all witnesses and documents Defendants failed to properly and timely disclose in this matter, including but not limited to previously undisclosed witnesses and documents;

7.  For attorney voir dire and sufficient trial time and peremptory challenges

Defendant's Motions *in Limine*

1.  To exclude any arguments or evidence regarding causes of action that have been dismissed against the State.

2.  To exclude any evidence or argument based on speculation as to what would have happened to the decedent had he been admitted to Napa State hospital.

3.  To exclude any reference or arguments regarding any cases making similar allegations against DSH.

4.  To exclude any evidence to the jury of dates other than the date the packet was sent to DSH as the date of notice of Ramirez's disability and need for treatment.

5.  To exclude argument of reference to any court decision setting a timeline for admission to the State Hospital for IST defendants which was decided or ruled upon after the death of decedent.

6.  To exclude any evidence to the jury of damages allegedly suffered by any party other than decedent.

7.  To exclude any evidence to the jury of damages other than those recoverable under an ADA and RA claim for failure to accommodate.

4

VI.   SPECIAL FACTUAL INFORMATION

**Within 14 days of this order**, Plaintiffs are directed to identify the specific factual information pertaining to this action, as required under Local Rule 281(b)(6).

VII.   RELIEF SOUGHT

Plaintiff claims the following elements of damages, including all damages and penalties recoverable under the ADA/RA through survival and wrongful death claims, and as otherwise allowed under California and United States statutes, codes, and common law:

1.   Loss of support and familial relationship, including loss of love, companionship, comfort, affection, society, services, solace, and moral support (non-economic damages);

2.   Richard Ramirez's loss of life, pursuant to federal civil rights law;

3.   Richard Ramirez's 80 days of conscious pain and suffering pursuant to federal civil rights law.

4.   Plaintiff also claims attorneys' fees and costs allowable under federal law on her 42 U.S.C. §12205 and 29 U.S.C. § 794a(b) claims.

VIII.   POINTS OF LAW

The Parties did not state Points of Law in the Joint Pretrial Statement. The Parties are directed to file a statement with points of law, including all causes of action or affirmative defenses that will be asserted at trial, to include in the Final Pretrial Order within **14 days of the date of this order.**

Trial briefs addressing the points of law implicated by the claims the parties will identify in their filing of the Points if Law shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

IX.   ABANDONED ISSUES

None.

5

X.   <u>WITNESSES</u>

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendants' witnesses shall be those listed in **Attachment B**.  Each party may call any witnesses designated by the other.

A.   **The court does not allow undisclosed witnesses to be called for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

(1)   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2)   The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B.   Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

(1)   The witness could not reasonably have been discovered prior to the discovery cutoff;

(2)   The court and opposing parties were promptly notified upon discovery of the witness;

(3)   If time permitted, the party proffered the witness for deposition; and

(4)   If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.   <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

Plaintiff's exhibits are listed in **Attachment C**.  Defendant's exhibits are listed in **Attachment D**.  No exhibit shall be marked with or entered in evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits.  All exhibits must be pre-marked as discussed below.  At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

6

Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before trial**.  The final exhibits are due **the Thursday before the trial date.**  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

A.   The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

(1)   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

(2)   The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B.   Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

(1)   The exhibits could not reasonably have been discovered earlier;

(2)   The court and the opposing parties were promptly informed of their existence;

(3)   The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably

1    available for inspection by the opposing parties.

2    XII.    DISCOVERY DOCUMENTS

3    Counsel must lodge the sealed original copy of any deposition transcript to be used at trial

4    with the Clerk of the Court no later than **14 days before trial**.

5    Plaintiff has indicated the intent to use the following discovery documents at trial:

6    1.    State Defendants' Responses to Plaintiff's Interrogatories (Set One) (Dated August 9,

7    2019);

8    2.    State Defendants' Amended Responses to Plaintiff's Interrogatories (Set One) (Dated

9    August 28, 2019);

10    Both parties have indicated their intent to use depositions of witnesses unavailable for

11    trial, or by stipulation. Both parties reserve the right to offer any portion of depositions as party

12    admissions, and any and all depositions for impeachment.

13    XIII.    FURTHER DISCOVERY OR MOTIONS

14    With the exception of motions *in limine* to be filed at the time set by this Court, there are

15    no other pending or anticipated motions at this time.

16    XIV.    STIPULATIONS

17    The parties stipulate to the following facts:

18    1.    References to the California Department of State Hospitals (DSH) and/or Napa

19    State Hospital (NSH) are equivalent to the State of California for purposes of these

20    claims;

21    2.    CONREP (the Forensic Conditional Release Program) is established and

22    administered by the Department of State Hospitals;

23    3.    At all material times, Department of State Hospitals and Napa State Hospital

24    employees and agents, including Pam Ahlin, Cindy Black, George Maynard, Mark

25    Grabau, Ph.D, Rhonda Love, Delores Matteucci, Diane Mond, R.N., Patricia

26    Tyler, M.D., and Dana White, R.N., were acting within the course and scope of

27    their employment with the Department of State Hospitals and/or Napa State

28

8

Hospital;

4.   At all material times, the Department of State Hospitals and Napa State Hospital were public entities providing services, benefits, and programs and receiving federal financial assistance pursuant to Title II of the Americans with Disabilities Act and § 504 of the Rehabilitation Act;

5.   At all material times, Decedent was a qualified individual with a disability under the meaning of Title II of the Americans with Disabilities Act and § 504 of the Rehabilitation Act, and was qualified to receive benefits or services from DSH and NSH;

6.   All parties will produce their current party-witnesses for trial without subpoenas, with one day notice from another party;

7.   The State will produce as witnesses for trial current employees of the Department of State Hospitals and Napa State Hospital;

8.   The parties stipulate to the use of a written juror questionnaire.

9.   To save time and avoid incurring unnecessary expense, the parties stipulate that documents produced by the parties in this litigation are authentic under Federal Rule of Evidence 901.

10. The parties stipulate that all documents produced by the State Defendants, during discovery, if offered by Plaintiff, are non-hearsay party admissions, or public records or business records under Fed. Rule Evid. 803(6) through (8). The parties stipulate that all documents authored by Plaintiff are non-hearsay party admissions if offered by Defendants. All other objections to such records would be preserved.

11. Given the complexity of this case, the sensitive nature of the issues presented, the noneconomic damages claimed, and the many issues the jury will be required to resolve, the parties jointly request two hours per side of attorney voir dire.

XV.   AMENDMENTS/DISMISSALS

None.

9

XVI.   <u>SETTLEMENT</u>

On December 14, 2018, all parties participated in an unsuccessful mediation with Hon. Raul A. Ramirez (Ret.). In August, 2021, Plaintiff settled her claims against the County and CFMG Defendants. Plaintiff offered to participate in a separate mediation with the State Defendants, but no further settlement discussions transpired until November, 2022, when the State Defendants expressed an interest in continuing settlement discussions. On February 7, 2023, after proposing prospective mediators, Plaintiff and the State mediated with the Hon. Joe Hilberman (Ret.). The case did not resolve, nor are there any continuing negotiations based on discussions at the mediation. No further court supervised settlement conference will be scheduled unless both parties indicate that a further settlement conference may be productive.

XVII.  <u>JOINT STATEMENT OF THE CASE</u>

The parties are directed to meet and confer and propose a neutral statement of the case for this purpose within **14 days of this court order**.

XVIII. <u>SEPARATE TRIAL OF ISSUES</u>

None.

XIX.   <u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

None.

XX.    <u>ATTORNEYS' FEES</u>

Plaintiff seeks reasonable attorneys' fees and costs pursuant to 42 U.S.C. §12205, 28 C.F.R. §35, et seq., and 29 U.S.C. § 794a(b). The parties agree and request that any motion for attorneys' fees will be due 45 days after the Court resolves an post-trial motions or 45 days after judgment, if no post-trial motions are filed.

XXI.   <u>TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS</u>

None. The parties have stated in their joint pretrial statement that the trial exhibits will be retained by the offering party following trial of the action.

XXII.  <u>MISCELLANEOUS</u>

None

XXIII.  ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **May 23, 2023**, at 8:30 a.m. in Courtroom 1 before the Honorable Ana de Ala.  Trial is anticipated to last 8 to 10 court days.  The parties are directed to Judge de Alba's standard procedures available on his webpage on the court's website.

Counsel are directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV.  PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to adaorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV.  TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same.  Each party is also granted **7 days thereafter** to respond to the other party's objections.  If no objections are filed, the order will become final without further order of this court.

11

1         The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil

2    Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this

3    action and shall be modified only to prevent manifest injustice.

4

5

6    IT IS SO ORDERED.

7       Dated:   __March 7, 2023__

                       UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A:  Plaintiff's Witness List**

| Name | Address |
|---|---|
| Lucy Atayde, *Plaintiff* | Available through Plaintiff's Counsel |
| Dolores Matteucci, NSH Executive Director | Available through Defense Counsel |
| Dana White, R.N. | Available through Defense Counsel |
| Patricia Tyler, M.D. | Available through Defense Counsel |
| Cindy Black, NSH Clinical Administrator | Available through Defense Counsel |
| Diane Mond, R.N. | Available through Defense Counsel |
| Pam Ahlin | Available through Defense Counsel |
| George Maynard, DHS Deputy Director | Available through Defense Counsel |
| Mark Grabau | Available through Defense Counsel |
| Rhonda Love | 9300 Tech Center Drive., Suite 210 Sacramento, CA 95826 |
| Philip Hamm, Ph.D. | 3323 North M Street, Merced, CA 95348 |
| Jason Goins, Undersheriff | Merced County Sheriff's Office, 700 W. 22nd St. Merced, CA 95340 |
| Sargeant Clifford Tilley | Merced County Sheriff's Office, 700 W. 22nd St. Merced, CA 95340 |
| Marissa Torres | Merced County Sheriff's Office, 700 W. 22nd St. Merced, CA 95340 |

| | |
|---|---|
| Raymond Herr, M.D. | Available through Witness's Counsel |
| Terry A. Kupers, M.D., M.S.P. | 484 Lake Park Avenue, #338 Oakland, CA 94610 |
| Richard Hayward, Ph.D. | 1296 Woodside Road Redwood City, CA 94061 |
| Michael D. Freeman, Med.Dr., Ph.D., M.P.H., F.A.A.F.S | P O Box 96309 Portland, OR 97296 |
| Jose Luis Santana | Available through Plaintiff's counsel |
| Rebekah Santana | Available through Plaintiff's Counsel |
| Melva Atayde | 5460 White Oak Ave. Unit # 002G Encino, CA 91316 |
| Ashley Lair | 200 Wayside Dr. Turlock, CA 95380 |
| Peter Cintora | 1360 Canal Farm Lane, Los Banos, CA 93635 |
| Adrian "Felix" Pardo | (209) 643-9626 |
| Jovanny Arias | (209) 600-1140 |
| Alex Arias | (408) 694-7819 |
| Mark A. Super, M.D. | Merced County Coroner's Office 455 East 13th Street Merced, CA 95341 |
| Abigail Hamilton | Available through Plaintiff's Counsel |
| Johanna Spikes | Available through Plaintiff's Counsel |
| Custodian of Records for CFMG/Wellpath | Available through CFMG/Wellpath's counsel |
| Custodian of Records for Merced County | Available through County's Counsel |

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT B:  Defendants' Witness List**

| Name | Address |
|---|---|
| Dana White | Contact through Defense Counsel |
| Cindy Black | Contact through Defense Counsel |
| Dr. Mark Grabau | Contact through Defense Counsel |
| George Maynard | Contact through Defense Counsel |
| Dr. Phillip Hamm | Contact through Defense Counsel |
| Dr. Taylor Fithian | Contact through Witness's Counsel |
| Debbie Mandujano | Contact through Witness's Counsel |

1

2

3

4

5

6

7

8

**ATTACHMENT C:  Plaintiff's Exhibit List**

9

10

| Exhibit No. | Description |
|---|---|
| 1. | Merce d County Superior Court's August 29, 2014 Order suspending criminal proceedings (Merced 0004; MSJ Oppo Ex. 6) |
| 2. | Merced County Superior Court's September 26, 2014 Order declaring Mr. Ramirez IST and ordering DSH CONREP to recommend placement (Merced 0025; MSJ Oppo Ex. 10) |
| 3. | DSH CONREP's October 3, 2014 report to Merced County Superior Court (MSJ Oppo Ex. 21) |
| 4. | DSH CONREP's October 3, 2014 fax to Dana White referring Mr. Ramirez for direct admission to NSH (DSH 0035-0052; MSJ Oppo Ex. 11) |
| 5. | Dana White's October 9, 2014 admission letter to Rhonda Love (DSH 0006; MSJ Oppo Ex. 12). |
| 6. | Merced County Superior Court's October 17, 2014 Minute Order ordering Richard Ramirez committed to NSH (Merced 0002; MSJ Oppo Ex. 24) |
| 7. | Merced County Superior Court's October 24, 2014 Commitment Order committing Richard Ramirez to NSH (DSH 0009-0011; MSJ Oppo Ex. 33) |
| 8. | NSH's PaRTS Patient Fact Sheet (DSH 0025-0026; MSJ Oppo Ex. 25) |
| 9. | Dr. Phillip Hamm's psychological report (Merced 0042-0049; MSJ Oppo Ex.9) |
| 10. | Marissa Torres's FedEx excel spreadsheet confirming NSH's receipt of commitment packet (MSJ Oppo Ex. 37) |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 11. | Emails produced by Merced County Transportation Clerk, Marissa Torres (MSJ Oppo Ex. 34) |
| 12. | Flow Sheet for Direct Admissions (DSH 0005; MSJ Oppo Ex. 36) |
| 13. | Dana White's Direct Admissions Waiting List (MSJ Oppo Ex. 13) |
| 14. | Excerpt of Dana White's Direct Admissions Waiting List (MSJ Oppo Ex. 22) |
| 15. | Cindy Black's Pending Male Admissions §1370 waiting lists (DSH 1165, 1175; MSJ Oppo Ex. 23) |
| 16. | Longest Waits on Waiting List (MSJ Oppo Ex. 50) |
| 17. | DSH Waitlist from 11/20 through 4/21 |
| 18. | DSH's July 2016 report on IST patients (MSJ Oppo Ex. 53) |
| 19. | Dana White's Lanterman- Petris-Short Act facilities list (MSJ Oppo Ex. 18) |
| 20. | Richard Ramirez's CFMG jail medical records (MSJ Oppo Ex. 3) |
| 21. | Chart of Suicidal Statements and Actions (MSJ Oppo Ex. 2) |
| 22. | Excerpts of Napa State Hospital website (Ex. 1 to Black's Dep.) |
| 23. | Conditions and Treatments Available at Napa State Hospital |
| 24. | Longest Waits on the Direct Admission Waiting List |
| 25. | Photos of Napa State Hospital |
| 26. | Photos of safety cell (MSJ Oppo Ex. 4) |
| 27. | Photos of cell 104 (MSJ Oppo Ex. 55) |
| 28. | Richard Ramirez's Merced County jail custody records (MSJ Oppo Ex. 5) |
| 29. | *Oregon Advocacy Center v. Mink* case (Ex. 47 to Grabau Dep.) |
| 30. | *Stiavetti v. Ahlin* |
| 31. | Order to Show Cause in *Coleman v. Brown*, E.D. Cal. Case No. 2:90-cv-00520 KJM-DB, ECF No. 5519 (MSJ Oppo Ex. 49) |

| | | |
|---|---|---|
| 32. | The State of California's response to Order to Show Cause in *Coleman*, ECF No. 5522 (MSJ Oppo Ex. 46) | |
| 33. | Former DSH Executive Director Pam Ahlin's declaration in *Coleman v. Brown*, ECF No. 5522-1. (MSJ Oppo Ex. 47) | |
| 34. | Former DSH Executive Director Pam Ahlin's declaration in *Coleman v. Brown*, ECF No. 5509-2 (MSJ Oppo Ex. 48) | |
| 35. | George Maynard's list of wait times and OSCs issued against the State from January 1, 2014 to June 30, 2019 (MSJ Oppo Ex. 51.) | |
| 36. | NSH's Forensic Admissions Administrative Directive 750 (DSH 0171-0175; MSJ Oppo Ex. 30) | |
| 37. | DSH CONREP's Policy Manual on IST patients (DSH 0254-0267; MSJ Oppo Ex. 16) | |
| 38. | DSH's CONREP program overview webpages (Ex. 41 to Grabau Dep.) | |
| 39. | California Code of Regulations Title 9, Section 4700, et al. (Ex. 2 to Maynard's Dep.; Ex. 2 to Tyler's Dep.) | |
| 40. | California Penal Code § 1370 (DSH 0193-0204; Ex. 36 to Black's Dep.;) | |
| 41. | Welfare & Institutions Code § 4360 (Ex. 40 to Grabau Dep.) | |
| 42. | DSH's 2017-2018 Budget Act Highlights (Ex. 42 to Grabau Dep.) | |
| 43. | State of California's 2014 Comprehensive Annual Financial Report | |
| 44. | Rhonda Love's CONREP file on Richard Ramirez (Exs. 2 and 3 to Love's Dep.) | |
| 45. | Dr. Hamm's Chart Notes (Ex. 2 to Hamm's Dep.) | |
| 46. | State of California Defendants' answers to Plaintiff's Interrogatories | |
| 47. | State of California Defendants' amended answers to Plaintiff's Interrogatories | |
| 48. | Patricia Tyler, M.D.'s Curriculum Vitae | |
| 49. | Expert Michael D. Freeman's Curriculum Vitae | |
| 50. | Expert report of Michael D. Freeman, Med.Dr., Ph.D., M.P.H., F.A.A.F.S. | |

| | |
|---|---|
| 51. | Expert Terry A. Kupers's Curriculum Vitae |
| 52. | Expert report of Terry A. Kupers, M.D., M.S.P. |
| 53. | Expert Richard Hayward's Curriculum Vitae |
| 54. | Expert report of Richard Hayward, Ph.D. |
| 55. | Coroner's report |
| 56. | Autopsy photos |
| 57. | Central Valley Toxicology records |
| 58. | Death Certificate of Decedent Richard Ramirez |
| 59. | Family Photos |

19

1
2
3
4
5
6
7
8

**ATTACHMENT D:  Defendants' Exhibit List**

9

| Exhibit No. | Description |
|---|---|
| 1. | October 9, 2014 correspondence from D. White to R. Love  (DSH 00029) |
| 2. | Security/Escape Risk Assessment (DSH 00007-00008) |
| 3. | Order and Commitment of Person Determined to be Mentally Incompetent Under the Provisions of Section 1370 of the California Penal Code, entered on or about October 24, 2014  (DSH 00009-00011) |
| 4. | Superior Court Minutes, entered on or about October 1, 2014  (DSH 00014) |
| 5. | Criminal Complaint  (DSH 00016-00018) |
| 6. | Incident Report  (DSH 00019-00021) |
| 7. | Arrest Report  (DSH 00023) |
| 8. | Database Record (DSH 0002) |
| 9. | Report of Phillip Hamm, Ph.D. (DSH 00038-00043; MERCED 00049-00055). |
| 10. | Admission spreadsheets, redacted versions (DSH 00003, 00053-98).  Information was redacted in order to comply with the requirements regarding patient privacy, including, without limitations the rights to requirements to maintain privacy provided by the Health Insurance Portability and Accountability Act of 1996 (HIPAA; Pub.L. 104–191, 110 Stat. 1936, enacted August 21, 1996) ("HIPAA"), California Welfare and Institutions Code section 5328, and the U.S. and California Constitutions. |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 11. | Flow Sheet for Direct Admission, (DSH 00099) |
|---|---|
| 12. | Department of State Hospitals Napa – Administrative Directive 750, effective August 19, 2014 (DSH 00171-00175) |
| 13. | Department of Mental Health Special Orders 310, 318.02, 325.04, 337, 605.01, 903.05 (DSH 00176-00192). |
| 14. | Memo, subject "Mental Health Services"  (CFMG-RR 000194-197.) |
| 15. | Memo, subject "Mental Health Services"  (CFMG-RR 004045  - 004048.) |