MICHAEL J. HADDAD (SBN 189114)
JULIA SHERWIN (SBN 189268)
TERESA ALLEN (SBN 264865)
BRIAN HAWKINSON (SBN 341856)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Facsimile: (510) 452-5510

SANJAY S. SCHMIDT (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Telephone:    (415) 563-8583
Facsimile:    (415) 223-9717

Attorneys for Plaintiff Lucy Atayde

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ATAYDE, Individually and as Successor in Interest of Decedent RICHARD MICHAEL RAMIREZ,<br><br>Plaintiff,<br><br>vs.<br><br>NAPA STATE HOSPITAL, STATE OF CALIFORNIA DEPARTMENT OF STATE HOSPITALS, a public entity, Jointly and Severally,<br><br>Defendants. | Case No. 1:16-cv-00398-ADA-SAB<br><br>**SUPPLEMENTAL JOINT PRETRIAL STATEMENT**<br><br>**Final Pretrial Conference**<br>**Date:** March 6, 2023<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 1, 8th Floor<br><br>**Trial Date:** May 23, 2023 |

No. 1:16-cv-00398-ADA-SAB: SUPPLEMENTAL JOINT PRETRIAL STATEMENT

Pursuant to the Court's Amended Tentative Pretrial Order dated March 7, 2023 (ECF 252) all parties, by and through their respective counsel, submit the following Supplemental[1] Joint Pretrial Statement:

1. **Undisputed Facts**

This case is brought by the plaintiff, Lucy Atayde, against the defendant, the State of California through the Department of State Hospitals and Napa State Hospital, for violations of her son Richard Ramirez's rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973 (RA). Richard Ramirez was 27 years old at that time.

On August 22, 2014, Mr. Ramirez was arrested for felonies in Merced County and booked into the Merced County Jail. On August 29, 2014, the Merced County Superior Court suspended the criminal proceedings against Mr. Ramirez due to concerns that he was not mentally competent to stand trial and referred the matter to Dr. Phillip Hamm, Ph.D. for a California Penal Code § 1368 evaluation to determine if he was able "to understand the nature of the criminal proceedings" or able "to assist counsel in the conduct of a defense in a rational manner." Dr. Hamm reported to the Court that Mr. Ramirez was "not presently able to understand the nature and purpose of the proceedings taken against him …, [or] to cooperate in a rational manner with counsel in presenting a defense …, [or] to prepare and conduct his own defense in a rational manner without counsel." Dr. Hamm further reported that "[t]reatment with anti-psychotic medication is medically appropriate and likely to restore Mr. Ramirez to mental competence[;] Mr. Ramirez should be evaluated by a psychiatrist to determine if anti-psychotic medication is medically appropriate[;] Mr. Ramirez does not have the capacity to make decisions regarding anti-psychotic medication[; and] Mr. Ramirez is a danger to himself, and/or others."

---

[1] Plaintiff states: Over Plaintiff's objection, this document is being filed separately from the other sections of the Joint Pretrial Statement, because Defendants would not agree to submit one complete document with all required sections in it. Defendants also would not agree to include a joint Section VIII, re Points of Law, in any jointly filed document, as this Court ordered in the Amended Tentative Pretrial Order (doc. 252). Plaintiff had proposed and urged that the parties insert the new sections this Court ordered into an amended Joint Pretrial Statement whose other sections remained exactly the same as what was previously filed as doc. 249. Plaintiff is left with no choice but to agree to file two of the Court-ordered sections in this "supplemental" Joint Pretrial Statement, and to separately file Section VIII, Points of law, as well as Section VI, Special Factual Information, which the Court ordered Plaintiffs alone to revise.

On September 26, 2014, the Merced County Superior Court adopted Dr. Hamm's report and declared Mr. Ramirez incompetent to stand trial (IST). The Court also ordered a placement report by the Defendant Department of State Hospital's ("DSH") Central Valley Conditional Release Program ("CONREP"). CONREP is a state program "established and administered" by the Department of State Hospitals. On October 3, 2014, Napa State Hospital's ("NSH") Direct Admissions Coordinator, Dana White, received a fax from CONREP referring Mr. Ramirez for direct admission to NSH.

Ms. White completed the Pre-Admission Evaluation for NSH on October 9, 2014, and Mr. Ramirez was approved for NSH Direct Admission. A letter from Ms. White dated October 9, 2014, states that, "[a]s a result of his low security rating Richard Ramirez has been deemed appropriate for admission to Napa State Hospital."

On October 17, 2014, the Court issued a minute order ordering Mr. Ramirez to be committed to the trial competency program at NSH or another appropriate facility, pursuant to Penal Code § 1370.1.

On October 24, 2014, the Merced County Superior Court issued an Order and Commitment of Person Determined to be Mentally Incompetent Under the Provisions of Section 1370 of the California Penal Code. The Order provides that: "It Is Therefore Ordered, Adjudged And Decreed That Richard Michael Ramirez is presently mentally incompetent within the contemplation of Section 1367 of the California Penal Code, and it is ordered that he be committed to and confined to Napa State Hospital, or other appropriate facility, pursuant to Section 1370 (a)(2) of the California Penal Code ...." The order also noted that if Mr. Ramirez's mental disorder "is not treated with antipsychotic medication, it is probable that serious harm to the physical or mental health of the patient will result."

Also on October 24, 2014, Marissa Torres, Merced County Transportation Clerk, received the Commitment Order from the Court. That same day, Ms. Torres testified that she sent the admissions packet to NSH by overnight FedEx and FedEx confirmed it was delivered to NSH on October 29, 2014. The packet included the Commitment Order, Mr. Ramirez's complete medical and mental health records received from the jail medical contractor California Forensic Medical

Group (CFMG) in a sealed envelope, which documented his mental health history and recent suicide attempts, and his criminal rap sheet.  Ms. White testified that the packet would be reviewed by the nurses in the NSH Admissions Suite, and if no beds were available, NSH would put him on a waiting list.  Ms. White testified she reviewed those documents on October 31, 2014.  Following her review of the documents she forwarded Mr. Ramirez's packet to the forensics unit for review.  When this review was complete Mr. Ramirez was immediately placed on the wait list that day based on his commitment date of October 17, 2014.  Napa State Hospital is licensed and regulated by the California Department of Public Health and its total number of beds is limited by its licensure.  At the time of Mr. Ramirez's commitment DSH-Napa was limited to 980 beds for patients whose placement was required pursuant to the Penal Code.

Richard Ramirez remained in the Merced County Jail, pending his admission to NSH.  After several suicide attempts, Mr. Ramirez committed suicide in the Merced County Jail on December 15, 2014.

**17.     Agreed Statements**

JOINT STATEMENT OF THE CASE:  Plaintiff, Lucy Atayde, brings this lawsuit seeking a court judgment and money damages alleging the defendant, the State of California through the Department of State Hospitals and Napa State Hospital, violated her son Richard Ramirez's rights under the Americans with Disabilities Act and the Rehabilitation Act by failing to timely admit her son to Napa State Hospital to receive services to restore his competency as ordered by the court after the court found him incompetent to stand trial.  Mr. Ramirez was placed on a waiting list for admission to Napa State Hospital.  He committed suicide while still housed in the Merced County Jail.  The State of California, through its Department of State Hospitals and Napa State Hospital, denies that it violated Mr. Ramirez's rights.

Respectfully Submitted,

Dated:  March 20, 2023      HADDAD & SHERWIN LLP

/s/ *Michael J. Haddad*
MICHAEL J. HADDAD
Attorneys for Plaintiff

| | | |
|---|---|---|
| 1 | Dated: March 20, 2023 | ROB BONTA |
| 2 | | Attorney General of California |
| | | CATHERINE WOODBRIDGE |
| 3 | | Supervising Deputy Attorney General |
| | | AMIE C. BEARS |
| 4 | | Deputy Attorney General |
| 5 | | |
| 6 | | /s/ *Amie C. Bears* |
| 7 | | AMIE C. BEARS |
| | | Attorneys for Defendants |
| 8 | | NAPA STATE HOSPITAL, CALIFORNIA |
| | | DEPARTMENT OF STATE HOSPITALS |