[1] ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
AMIE BEARS, State Bar No. 242372
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7663
 Fax: (916) 322-8288
 E-mail: Amie.Bears@doj.ca.gov
*Attorneys for Defendant*
*Napa State Hospitals*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **LUCY ATAYDE, Individually and as Successor in Interest of Decedent RICHARD MICHAEL RAMIREZ,**<br><br>Plaintiff,<br><br>v.<br><br>**NAPA STATE HOSPITAL, STATE OF CALIFORNIA DEPARTMENT OF STATE HOSPITALS, a public entity,**<br><br>Defendants. | 1:16-CV-00398-ADA-SAB<br><br>**DEFENDANTS POINTS OF LAW AND AFFIRMATIVE DEFENSES TO BE ASSERTED AT TRIAL**<br><br>Judge: The Honorable Ana de Alba<br>Trial Date: May 23, 2023<br>Action Filed: January 6, 2016 |

Pursuant to the Courts Pretrial Order of March 6, 2023 (ECF 251) Defendant Napa State Hospital by and through their respective counsel, submits the following Points of Law and Affirmative Defenses:

**POINTS OF LAW:**

---

[1] Plaintiffs and Defendant have a fundamental difference of opinion in interpreting the Court's Order regarding the filing of supplemental information. Defendants do not believe that any Special Factual Information is needed in this matter and object to Plaintiff's statements in that section given that none of the remaining active claims in the instant lawsuit match the criteria of the claims which call for section VI to be provided. Specifically, plaintiff does not have an active personal injury or wrongful death claim, only a singular claim under the ADA and RA.

1. The sole Defendant is the Department of State Hospitals. Plaintiff must prove the following at trial to prove her single ADA/ RA claim:

- Ramirez was an individual with a disability;
- Ramirez was otherwise qualified to participate in or receive the benefit of the Department of State Hospitals' services, programs or activities;
- Ramirez was either excluded from participation in or denied the benefits of the Department of State Hospitals' services, programs or activities, or was otherwise discrimination against by the Department of State Hospital; and;
- The exclusion, denial of benefits or discrimination was because of the plaintiff's disability

2. To recover money damages, Plaintiff must prove any discrimination was intentional by showing Department of State Hospitals acted with deliberate indifference.

3. Whether Plaintiff Lucy Atayde is the proper party to assert an ADA claim, versus the estate of the decedent and what damages are appropriate for each.

4. Whether Plaintiff may claim wrongful death damages.

**AFFIRMATIVE DEFENSES**

1. Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence or wrongful conduct of plaintiff and/or others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint

2. Should plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence or wrongful conduct of any other person or entity caused or contributed to damages, if any there were.

3. The Department of State Hospitals acted at all times in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law.

4. The Department of State Hospitals is an agency of the State and is immune from suit under the Eleventh Amendment from an action arising under the Americans with Disabilities Act (ADA) Title II and actions arising under the Rehabilitation Act (RA). No fundamental constitutionally guaranteed right is at issue and the Department of State Hospitals is not the recipient of federal funds in providing services to the State Courts for detainees designated as IST.

5. Department of State Hospitals is not required to modify policies, practices or procedures to provide an accommodation when the modification would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. 35.130

Dated:  March 20, 2023                                  Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General


*/s/ Amie Bears*


AMIE BEARS
Deputy Attorney General
*Attorneys for Defendant Napa State Hospital*

SF2016400096
37020642.docx

# CERTIFICATE OF SERVICE

Case Name: **Lucy Atayde v. Napa State Hospital, et al.**   No. **1:16-CV-00398-ADA-SAB**

I hereby certify that on <u>March 20, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS POINTS OF LAW AND AFFIRMATIVE DEFENSES TO BE ASSERTED AT TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 20, 2023</u>, at Sacramento, California.

| Sienna Sweiven | /S/ Sienna Sweiven |
|---|---|
| Declarant | Signature |

SF2016400096
37020856.docx